FEITLIN, YOUNGMAN, KARAS & GERSON, LLC
Jonathan M. Ettman, Esq.
Heritage Plaza II
65 Harristown Road, Suite 207
Glen Rock, New Jersey 07452
(201) 791-4400
(201) 791-5659 fax
jettman@fykglaw.com
Attorneys for plaintiff Express Freight Systems Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EXPRESS FREIGHT SYSTEMS INC., <br><br>*Plaintiff*, <br><br> v. <br><br> YMB ENTERPRISES INC., JOEL MENDLOVIC, JOHN DOES 1-10 and ABC CORPS. 1-10 (said names being fictitious), <br><br> *Defendant(s).* | Civil Action No.: <br><br> CIVIL ACTION <br><br> **COMPLAINT** |

Plaintiff EXPRESS FREIGHT SYSTEMS INC. ("Plaintiff"), by its attorneys, FEITLIN, YOUNGMAN, KARAS & GERSON, LLC, complaining of defendants YMB ENTERPRISES INC. ("Defendant"), JOEL MENDLOVIC ("Mendlovic") (Defendant and Mendlovic being hereinafter referred to collectively as, "Defendants"), JOHN DOES 1-10 and ABC CORPS. 1-10, alleges as follows:

**THE PARTIES**

1. Plaintiff is a corporation duly formed and existing under the laws of the State of New Jersey, with its principal office located at 20 Murray Hill Parkway, Suite 270, East Rutherford, New Jersey 07073. As more particularly described below, Plaintiff is a duly

licensed broker in the business of arranging for the interstate and intrastate transportation of freight by motor vehicle.

2. Defendant is a corporation duly formed and existing under the laws of the State of New York, with its principal office located at 199 Lee Avenue, Suite 565, Brooklyn, New York 11211. Defendant operates a trucking company that provides for the transportation of freight.

3. Mendlovic is an individual residing at 169 Wallabout Street, Apartment 2, Brooklyn, New York 11206, and is, upon information and belief, the owner and sole shareholder of Defendant.

4. The true names of defendants John Does 1 through 10, and defendants ABC Corps. 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by fictitious names. Upon information and belief, each of the defendants designated as a "John Doe" or an "ABC Corp." acted on behalf of, or in concert with, Defendant and unlawfully caused the damages to Plaintiff alleged in this Complaint, and is legally responsible for the events and happenings referred to in this Complaint.

## JURISDICTION

Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §1332, §1391(b) and §1391(c), in that Plaintiff resides in New Jersey and has suffered injury in this district as a result of Defendant's breach of contract, tortious conduct and other wrongful acts set forth herein, and Defendant is headquartered and/or resides in New York. In addition, the amount in controversy exceeds $75,000.00.

# FACTS COMMON TO ALL COUNTS

5. On or about July 26, 2018, Plaintiff and Defendant entered into a written contract dated July 26, 2018, pursuant to which Defendant agreed to transport freight for various customers of Plaintiff based on agreements Plaintiff brokered with such customers.

6. The Contract prohibits Defendant from soliciting or doing business with any of Plaintiff's customers serviced by Defendant under the Contract. Specifically, Paragraph 11 of the Contract expressly states:

> [Defendant] agrees to support and protect [Plaintiff's] efforts in performance of this agreement by refraining from ANY direct contact or solicitation of [Plaintiff's] customers. During the term of this agreement and for a period of 2 years from the time of termination of this agreement, [Defendant] shall not directly or indirectly solicit or do business of a transportation or warehouse nature with any of [Plaintiff's] customers who are serviced by [Defendant] as a result of this agreement unless otherwise agreed to in writing.

7. Paragraph 11 of the Contract further provides that in the event of Defendant's breach of the Contract, Plaintiff would be entitled to both (i) a commission from Defendant in the amount of twenty-five (25%) percent of the transportation revenue received on the movement of the traffic, and (ii) any damages that Plaintiff may incur.

8. In addition, under Paragraph 12 of the Contract, Defendant agreed that Broker's compensation for its services is confidential, and that Defendant would not reveal to anyone the terms of the Contract, the pricing of transportation services or any other details of the business conducted between Defendant and Plaintiff.

9. In or around the end of July 2018, Plaintiff arranged for Defendant to transport a load of freight originating with Plaintiff's customer, Furmano Foods ("Furmano"), located in Northumberland, Pennsylvania.

10. Furmano Foods has been a valued customer of Plaintiff since 2013. During this time, Plaintiff has averaged approximately $15,000.00 in monthly sales through its work for Furmano.

11. During the course of transporting freight for Furmano on a job brokered by Plaintiff, Defendant, solicited Furmano using Plaintiff's confidential and proprietary pricing structure to undercut Plaintiff and steal Furmano away from Plaintiff.

12. Defendant's conduct not only violated generally accepted standards of commercial competition, morality and law, but it was also a blatant violation of the parties' Contract.

13. As a result of Defendant's underhanded tactics, Furmano has been doing business directly with Defendant and has virtually ceased using Plaintiff' services.

## FIRST COUNT
### (Breach of Contract)

14. Plaintiff restates each and every allegation of paragraphs 1 through 12 as if fully set forth herein.

15. Defendant's actions described herein constitute a breach of the parties' Contract.

16. As a result, Plaintiff has suffered damages in an amount to be determined at trial, but which far exceeds $75,000.

**WHEREFORE**, Plaintiff Express Freight Systems Inc. demands judgment against Defendant YMB Enterprises Inc. for (a) compensatory and consequential damages; (b) pre- and post-judgment interest; (c) costs of suit; (d) attorneys' fees and expenses; and (e) such other and further relief as to this Court deems just and proper.

## SECOND COUNT
### (Tortious Interference with Contract)

17. Plaintiff restates each and every allegation of paragraphs 1 through 16 as if fully set forth herein.

18. Plaintiff has a protectable right to revenues arising from contracts and executed proposals with its clients.

19. Defendant was at all times aware of the contractual relationship between Plaintiff and Furmano.

20. Defendant intentionally and maliciously interfered with Plaintiff's contractual relation with Furmano by using Plaintiff's confidential and proprietary information to undercut Plaintiff's pricing and lure Furmano into doing business directly with Defendant rather than utilizing Plaintiff to broker transportation deals.

21. Defendant's conduct was all for the purpose of unfairly and improperly competing with Plaintiff and stealing its customer, Furmano.

22. As a direct result of the conduct described above, Plaintiff has incurred and continues to incur damages in an amount to be determined at trial, but which far exceeds $75,000.

**WHEREFORE**, Plaintiff Express Freight Systems Inc. demands judgment against Defendant YMB Enterprises Inc. for: (a) compensatory and consequential damages; (b) punitive damages; (c) preliminary and permanent injunctive relief; (d) pre- and post-judgment interest; (e) costs of suit; (f) attorneys' fees and expenses; and (g) such other and further relief as to this Court deems just and proper.

## THIRD COUNT
### (Tortious Interference with Prospective Economic Advantage)

23. Plaintiff restates each and every allegation of paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff had a reasonable expectation that it would continue its business relationship with Furmano under the same, or nearly the same, terms, including the same, or nearly the same, volume of freight transported and revenue generated therefrom.

25. Defendant was at all times aware of the continuing and long-standing relationship Plaintiff held with Furmano and Plaintiff's reasonable expectation of a prospective economic advantage deriving therefrom.

26. Defendant intentionally and maliciously interfered with Plaintiff's prospective economic advantage by employing wrongful means that included using Plaintiff's confidential and proprietary information to undercut Plaintiff's pricing and lure Furmano into doing business directly with Defendant rather than continue utilizing Plaintiff to broker transportation deals. This interference was committed intentionally and without justification or excuse and was carried out by Defendant to Plaintiff's economic detriment.

27. As a direct and proximate cause of Defendant's conduct, Plaintiff has lost current and prospective business from Furmano and stands to lose hundreds of thousands of dollars in expected revenues.

28. As a result, Plaintiff has suffered monetary damages in an amount to be determined at trial, but which far exceeds $75,000.

**WHEREFORE**, Plaintiff Express Freight Systems Inc. demands judgment against Defendant YMB Enterprises Inc. for tortious interference with Plaintiff's contractual relation, for: (a) compensatory and consequential damages; (b) punitive damages; (c) preliminary and

permanent injunctive relief; (d) pre- and post-judgment interest; (e) costs of suit; (f) attorneys' fees and expenses; and (g) such other and further relief as to this Court deems just and proper.

### FOURTH COUNT
### (Unfair Competition)

29. Plaintiff restates each and every allegation of paragraphs 1 through 28 as if fully set forth herein.

30. Defendant's misconduct, as described above, was done in order to unlawfully compete against Plaintiff, by, among other things, utilizing Plaintiff's confidential, proprietary pricing information to undercut Plaintiff's pricing and lure Furmano into doing business directly with Defendant rather than utilize Plaintiff's services.

31. Defendant's conduct represents transgressions of generally accepted standards of commercial competition, morality and law and, accordingly, violates common law principles relating to unfair competition.

32. All the aforesaid unlawful acts were undertaken by Defendant willfully and maliciously, in bad faith, and for the purpose of injuring Plaintiff.

33. As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered harm, including, but not limited to, damage to its relation with Furmano, lost business and profits, as well as good will, and is entitled to damages in an amount to be set forth at trial, but which far exceeds $75,000.

**WHEREFORE**, Plaintiff Express Freight Systems Inc. demands judgment against Defendant YMB Enterprises Inc. for: (a) compensatory and consequential damages; (b) punitive damages; (c) permanent injunctive relief prohibiting Defendant from transporting Furmano freight; (d) an accounting to Plaintiff for Plaintiff's lost profits and for all damages sustained by

and entitled to Plaintiff by reason of Defendant's unlawful activities; (e) pre- and post-judgment interest; (f) costs of suit; (g) attorneys' fees and expenses; and (h) such other and further relief as to this Court deems just and proper.

## **FIFTH COUNT**
### (Fraud)

34. Plaintiff restates each and every allegation of paragraphs 1 through 33 as if fully set forth herein.

35. As previously set forth herein, Defendant entered into the Contract knowing it would learn of Plaintiff's confidential and proprietary pricing with respect to its arrangement with Furmano, and with the intent of using such confidential and proprietary information to undercut Plaintiff and lure Furmano into contracting with Defendant directly, rather than utilize Plaintiff's services.

36. Defendant, did, in fact, use such confidential and proprietary information that had been received in confidence to undercut Plaintiff and lure Furnamo into doing business with Defendant directly, rather than utilizing Plaintiff's services.

37. As a direct and proximate result of Defendant's actions, Plaintiff has suffered harm, including the loss of goodwill, is entitled to damages in an amount to be set forth at trial, but which far exceeds $75,000, together with the costs and disbursements incurred in the action, and reasonable attorneys' fees.

## **SIXTH COUNT**
### (New Jersey Trade Secrets Act, **N.J.S.A.** 56:15-1, et seq.)

38. Plaintiff restates each and every allegation of paragraphs 1 through 37 as if fully set forth herein.

39. Plaintiff's pricing structure with respect to its relation with Furmano is a trade secret communicated in confidence by Plaintiff to Defendant.

40. By misappropriating the pricing structure, Defendant breached Plaintiff's confidence.

41. Defendant has used this confidential information in undercutting Plaintiff and luring Furmano to do business directly with Defendant, rather than utilize Plaintiff's services, to the detriment of Plaintiff.

42. As a direct result of Defendant's misappropriation of the confidential pricing information, Plaintiff has incurred damages, including, but not limited to, damage to its relation with Furmano, as well as good will.

43. The aforesaid damage to Plaintiff's business has resulted in monetary damages, the exact amount of which cannot be calculated at this time, but far exceeds $75,000.

44. Pursuant to N.J.S.A. 56:15-1 et seq. Plaintiff is also entitled to an injunction, punitive damages and an award of attorneys' fees and costs.

**WHEREFORE**, Plaintiff Express Freight Systems Inc. demands judgment against Defendant YMB Enterprises Inc. for: (a) compensatory and consequential damages; (b) punitive damages; (c) permanent injunctive relief enjoining and restraining Defendant and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with Defendant, from doing business with Furmano; (d) an accounting of profits made by Defendant as a result of Defendant's unlawful conduct; (e) pre- and post-judgment interest; (f) costs of suit; (g) attorneys' fees and expenses; and (h) such other and further relief as to this Court deems just and proper.

## SEVENTH COUNT
### (Common Law Trade Secret Violation)

45. Plaintiff restates each and every allegation of paragraphs 1 through 44 as if fully set forth herein.

46. Plaintiff's pricing structure with respect to its relation with Furmano is a trade secret communicated in confidence by Plaintiff to Defendant.

47. By misappropriating the pricing structure, Defendant breached Plaintiff's confidence.

48. Defendant has used this confidential information in undercutting Plaintiff and luring Furmano to do business directly with Defendant, rather than utilize Plaintiff's services, to the detriment of Plaintiff.

49. As a direct result of Defendant's misappropriation of the confidential pricing information, Plaintiff has incurred damages, including, but not limited to, damage to its relation with Furmano, as well as good will.

50. The aforesaid damage to Plaintiff's business has resulted in monetary damages, the exact amount of which cannot be calculated at this time, but far exceeds $75,000.

**WHEREFORE**, Plaintiff Express Freight Systems Inc. demands judgment against Defendant YMB Enterprises Inc. for: (a) compensatory and consequential damages; (b) punitive damages; (c) permanent injunctive relief enjoining and restraining Defendant and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with Defendant, from doing business with Furmano; (d) an accounting of profits made by Defendant as a result of Defendant's unlawful conduct; (e) pre- and post-judgment interest; (f) costs of suit; (g) attorneys' fees and expenses; and (h) such other and further relief as to this Court deems just and proper.

## EIGHTH COUNT
### (Injunctive Relief)

51. Plaintiff restates each and every allegation of paragraphs 1 through 50 as if fully set forth herein.

52. Unless the requested permanent injunction is granted, Plaintiff will suffer irreparable harm.

53. The legal right underlying Plaintiff's claim is settled.

54. Plaintiff can demonstrate a reasonable probability of ultimate success on the merits of its claims.

55. Defendant will not suffer any appreciable injury if the injunctive relief is granted, because the status quo will be restored, and Defendant will merely be restrained from taking advantage of its wrongful acts.

56. The requested relief does not prevent Defendant from working in the transportation business, but rather, only limits Defendant from benefiting from its unlawful activity, including its improper solicitation of Furmano, for its own benefit.

**WHEREFORE**, Plaintiff Express Freight Systems Inc. demands judgment against Defendant YMB Enterprises Inc. for: (a) permanent injunctive relief enjoining and restraining Defendant and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with Defendant, from doing business with Furmano; (b) an accounting of profits made by Defendant as a result of Defendant's unlawful conduct; (c) compensatory and consequential damages; (d) punitive damages; (e) pre- and post-judgment interest; (f) costs of suit; (g) attorneys' fees and expenses; and (h) such other and further relief as to this Court deems just and proper.

## NINTH COUNT
### (Unjust Enrichment)

57. Plaintiff restates each and every allegation of paragraphs 1 through 56 as if fully set forth herein.

58. Defendant unjustly received benefits at Plaintiff's expense through its wrongful conduct, including the interference with Plaintiff's business relationships and prospective economic advantage and other unfair and unconscionable business practices.

59. Defendant continues to unjustly retain these benefits at Plaintiff's expense.

60. It would be unjust for Defendant to retain any value it obtained as a result of its wrongful conduct.

**WHEREFORE**, Plaintiff Express Freight Systems Inc. demands judgment against Defendant YMB Enterprises Inc. for (a) compensatory and consequential damages; (b) pre- and post-judgment interest; (c) costs of suit; (d) attorneys' fees and expenses; and (e) such other and further relief as to this Court deems just and proper.

## TENTH COUNT
### (Individual Liability for Tort Participation)

61. Plaintiff restates each and every allegation of paragraphs 1 through 60 as if fully set forth herein.

62. Upon information and belief, defendant Mendlovic is the owner of Defendant and is, thus, ultimately responsible for the operation of Defendant.

63. Upon information and belief, Mendlovic orchestrated Defendant's improper and unlawful conduct described herein, which has caused Plaintiff to suffer damage to its business, revenue, and reputation in an amount to be determined at trial, but far in excess of $75,000.

64. As a result, Mendlovic is personally liable to Plaintiff, pursuant to the tort participation theory set forth in Saltiel v. GSI Consultants, Inc., 170 N.J. 297 (2002).

**WHEREFORE**, Plaintiff Express Freight Systems Inc. demands judgment against Defendant Joel Mendlovic for (a) compensatory and consequential damages; (b) punitive damages; (c) pre- and post-judgment interest; (d) costs of suit; (e) attorneys' fees and expenses; and (f) such other and further relief as to this Court deems just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of all issues that may be tried to a jury in this action.

> FEITLIN, YOUNGMAN, KARAS & GERSON, LLC
> Attorneys for Plaintiff
> Express Freight Systems Inc.
>
>
> By: */S/ Jonathan M. Ettman*
> JONATHAN M. ETTMAN

Dated: May 1, 2019