UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------  X
                                                                          :
EXPRESS FREIGHT SYSTEMS INC.                                              :
                                                                          :          **20-cv-186 (ARR) (VMS)**
                                        Plaintiffs,                       :
                                                                          :          **OPINION & ORDER**
        -against-                                                         :
                                                                          :          **NOT FOR ELECTRONIC**
YMB ENTERPRISES INC.                                                      :          **OR PRINT PUBLICATION**
                                                                          :
                                        Defendant.                        :
                                                                          :
------------------------------------------------------------------------  :
                                                                          X

ROSS, United States District Judge:

Plaintiff Express Freight Systems Inc. ("Express Freight") brings this diversity action asserting a single claim of breach of contract against defendant YMB Enterprises Inc. ("YMB").[1] Express Freight alleges that YMB violated the terms of their contract by soliciting business from and revealing confidential information to Express Freight's customer Furmano Foods ("Furmano"). YMB moves to dismiss the action for failure to state a claim and for lack of jurisdiction because of an alleged defect in service. For the reasons described below, I deny YMB's motion.

## BACKGROUND

Plaintiff Express Freight Systems is a broker that arranges for trucking companies to transport freight for its customers. Compl. ¶ 1. Defendant YMB Enterprises Inc. is a trucking company that provides for the transportation of freight. *Id.* ¶ 2. On July 26, 2018, the parties entered

---

[1] Express Freight's original complaint included ten causes of action. *See* Compl., ECF No. 1. On February 12, 2020 Express Freight voluntarily dismissed causes of action Two through Ten, leaving only a single claim for breach of contract. Notice of Voluntary Dismissal, ECF No. 37. While the original complaint included claims against Joel Mendlovic, all causes of action relating to Mendlovic have been dismissed. *See* Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss 13, ECF No. 43-9. Thus, Mendlovic is dismissed from this action.

into a written contract stating that YMB would transport freight for various Express Freight

customers. *Id.* ¶ 5; *see also* Motor Carrier Transportation Contract ("Contract") Def.'s Mot. to

Dismiss Ex. A,  ECF No. 43-3.

The portions of the Contract relevant to this action are paragraphs 11 and 13. Paragraph 11

states the following:

> CARRIER agrees to support and protect BROKER'S effort in performance of this
> agreement by refraining from ANY direct contact or solicitation of BROKER'S customers.
> During the term of this agreement and for a period of 2 years from the time of termination
> of this agreement, CARRIER[] shall not directly or indirectly solicit or do business of a
> transportation or warehouse nature with any of BROKER'S customers who are serviced
> by CARRIER as a result of this agreement unless otherwise agreed to in writing. If carrier
> breaches this agreement and customer tenders freight to CARRIER directly, the BROKER
> is then entitled to a commission from the CARRIER of 25% of the transportation revenue
> received on the movement of the traffic and to any damages that may be incurred. The
> CARRIER shall also refrain from any direct contact or solicitation of any carriers that
> BROKER may use if and when the BROKER moves freight for CARRIER.

Contract ¶ 11.

Paragraph 13 states the following:

> CARRIER agrees that BROKER'S compensation hereunder for its services is
> confidential and need[s] to be disclosed to CARRIER. Carrier further agrees that it will not
> reveal to anyone the terms of this agreement, the pricing of transportation services, or any
> other details of the business conducted between CARRIER and BROKER.

Contract ¶ 13.

Express Freight alleges that YMB violated these two contract provisions in its dealings

with Furmano Foods, a company located in Northumberland, Pennsylvania. Compl. ¶¶ 9–13.

Furmano had been Express Freight's customer since 2013, and Express Freight averaged $15,000

in monthly sales through its work for Furmano. *Id.* ¶ 10. In July 2018, Express Freight arranged

for YMB to transport a load of freight originating with Furmano Foods. *Id.* ¶ 9. Express Freight

alleges that "[d]uring the course of transporting freight for Furmano on a job brokered by Plaintiff,

Defendant solicited Furmano using Plaintiff's confidential and proprietary pricing structure to

undercut Plaintiff and steal Furmano away from Plaintiff." *Id.* ¶ 11. Express Freight further claims

that as a result of this action by YMB, it has lost almost all of its business with Furmano. *Id.* ¶ 13.

## PROCEDURAL HISTORY

Plaintiff filed this action in the District of New Jersey. *See* Compl. The complaint and

summons were served on Joel Mendlovic, the owner of YMB, on May 9, 2019 at 1:42 p.m. at the

address 563 Flushing Ave., Brooklyn, New York, 11206. Return of Service, ECF No. 43-7; Compl.

¶ 3. Defendant moved to have the case dismissed or transferred. Def.'s Mot. to Dismiss or to

Change Venue, ECF No. 15. The case was then transferred to the Eastern District of New York.

Case Transfer, ECF No. 29. After defendants filed a pre-motion conference letter on an anticipated

motion to dismiss, Letter Mot. for Pre-Mot. Conf., ECF No. 36, plaintiff withdrew the majority of

its claims, leaving a single cause of action for breach of contract, Notice of Voluntary Dismissal.

Defendants proceeded with their motion to dismiss for failure to state a claim and for lack of

jurisdiction due to defective service of process. *See* Def,'s Mot. to Dismiss, ECF No. 43.

## DISCUSSION

### I.      Jurisdiction

I first address YMB's procedural claim that it was not properly served and thus this court

does not have personal jurisdiction over YMB. *See* Def.'s Mem. in Supp. of Def.'s Mot. ("Def.'s

Br.") 7–10, ECF No. 43-8. YMB was served on May 9, 2019 at 1:42 p.m. through service on Joel

Mendlovic, an authorized agent, at the address 563 Flushing Ave., Brooklyn, New York, 11206.

Return of Service. YMB contends that this service was not in compliance with New York

procedural law primarily because the summons was not sent to defendant by mail. *See* Def.'s Br.

8 (citing N.Y. C.P.L.R. 308(b)). However, this service was in compliance with New Jersey law,

which does not require the summons to be mailed. N.J. Court Rules, R. 4:4-4. Federal Rule of

Civil Procedure 4(e) allows for service in accordance with state law "in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). This case was brought in New Jersey. Thus, compliance with the New Jersey service requirements is sufficient, and compliance with the mailing requirement of New York CPLR 308(b) is not relevant.

YMB further argues that 563 Flushing Ave. was not a proper site for service because it is not the corporation's registered place of business. Def.'s Br. 9. While New Jersey gives the option of service at a corporation's registered place of business, it does not require service at the corporation's registered place of business, as long as the summons is served upon an authorized agent of the corporation. *See* N.J. Court Rules, R. 4:4-4(a)(6). Thus, service of process was in compliance with the law in this respect as well.

As I see no defect in the service of process, dismissal on jurisdictional grounds is not warranted.

## II.      Failure to State a Claim

Next, I turn to YMB's substantive claim that Express Freight has failed to state a claim for breach of contract. This claim is also without merit.

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the non-moving party. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (citing *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). Thus, in deciding defendant's motion to dismiss, the court must accept the facts alleged in plaintiff's complaint as true. The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Only "a plausible claim for relief survives a motion to dismiss." *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471,

476 (2d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)).

A breach of contract claim under New York law requires (1) the existence of a contract, (2) performance of the contract by one party, (3) breach by the other party, and (4) damages suffered as a result of the breach. *See, e.g.*, *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004)). The complaint plausibly alleges each of these elements.

First, the complaint alleges, and the parties agree to, the existence of a contract. Compl. ¶ 5; *see also* Contract. Second, the complaint states that Express freight performed on the contract by arranging for YMB to transport freight for Furmano. Compl. ¶ 9. Third, the complaint alleges a breach as to paragraph 11 of the Contract because defendant solicited Furmano, an Express Freight customer, and paragraph 13, because defendant disclosed confidential information to Furmano. *Id.* ¶ 11. Finally, Express Freight claims it suffered damages because it lost business with Furmano as a result of the breach. *Id.* ¶ 13.

YMB's primary argument in its motion to dismiss appears to be that it did not breach its contract with Express Freight because Furmano was YMB's customer before it was Express Freight's customer. To advance this argument, YMB has put forward evidence seeking to contradict the facts alleged in the complaint. *See* Def.'s Br. Ex. B, ECF No. 43-4. YMB is welcome to introduce this evidence and make this argument on a motion for summary judgment or at trial, but not on a motion to dismiss. *See* Def.'s Br. 3 ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by

reference in the complaint." (quoting *DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 111 (2d Cir. 2010)).

Furthermore, looking at the plain language of the Contract, it is not clear that Express Freight customers who are also YMB customers would be exempt from paragraphs 11 and 13. *See* Contract ¶ 11 (stating that the defendant agrees to "refrain[] from ANY direct contact solicitation of [plaintiff's] customers," without commenting on how this rule applies to businesses that are customers of both entities); *id.* ¶ 13 ("[Defendant] further agrees that it will not reveal to *anyone* the terms of this agreement, the pricing of transportation services, or any other details of the business conducted[.]") (emphasis added). However, I do not rule on this matter of contract interpretation at this time.

Defendant also argues that the complaint is deficient because plaintiff did not attach the agreements it brokered with its customers to its complaint. Def.'s Br. 3–5. Defendant believes that without attaching such contracts to the complaint, plaintiff's claim cannot be plausible. *Id.* I disagree. Express Freight's claim concerns a contract between Express Freight and YMB. To the degree any other contracts are relevant to the issues in this case, they may be produced in discovery, but need not be attached to the complaint.

I must assume the truth of facts stated in the complaint, as long as they are plausible and stated with sufficient specificity. The complaint here does not just offer a legal conclusion that YMB breached the Contract—it alleges specific actions by YMB that breached the contract. *See* Compl. ¶ 11. This is enough to survive a motion to dismiss.

## CONCLUSION

For the reasons described above, defendant's motion is denied.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:     April 20, 2020
           Brooklyn, New York