```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EXPRESS FREIGHT SYSTEMS INC,            :    20-CV-186 (ARR) (LB)
                                        :
                Plaintiff,              :    OPINION AND ORDER
                                        :
        -against-                       :    NOT FOR ELECTRONIC OR
                                        :    PRINT PUBLICATION
YMB ENTERPRISES INC. ET AL,             :
                                        :
                Defendants.             :
----------------------------------------------------------------X
```

ROSS, United States District Judge:

Defendant YMB Enterprises Inc. ("YMB"), through counsel, objects to Magistrate Judge Bloom's ruling and order dated October 8, 2020 that while YMB is entitled to an extension to November 16, 2020 to respond to plaintiff's discovery demands, defendant waived its right to any objections to the demands. Plaintiff Express Freight Systems, Inc. opposes YMB's objection.

**DISCUSSION**

When a party timely objects to a non-dispositive order issued by a Magistrate Judge, "[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). I will therefore review Magistrate Judge Bloom's order for clear error.

Pursuant to Federal Rule of Civil Procedure 33(b)(4), "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Defendant argues that "good cause" existed for excusing its delay in responding to plaintiff's discovery requests because defendant's counsel was impaired by medical issues, business challenges related to COVID-19, and the timing of the Jewish holidays in September. Def.'s Obj. 2–4, 6, ECF No. 54. Judge Bloom considered this argument and still found that these factors did not amount to good

1

cause excusing defendant's delay. Tr. of Oct. 8, 2020 Proceeding 3–4 ("Tr."), ECF No. 52. I have reviewed the record carefully and see no basis for finding that this determination was clearly erroneous or contrary to law.

Defendant cites a number of cases in support of its argument, *see* Def.'s Obj. 6–7, none of which persuade me that Judge Bloom erred in finding that defendant waived its objections. In *McKissick v. Three Deer Ass'n Ltd. P'ship*, for example, the court found that good cause existed because defendants' delay in responding to plaintiff's interrogatories was due to an inadvertent administrative error, which is not the case here. 265 F.R.D. 55, 57 (D. Conn. 2010). And in *Melendez v. Greiner*, the court emphasized that the decision to excuse a party's untimeliness is within the court's discretion, and excused the defendants in that case because they "may have misconstrued the Court's earlier rulings and believed in good faith that they need not have met that deadline." No. 01-CV-07888 (SAS) (DF), 2003 WL 22434101, at *2 (S.D.N.Y. Oct. 23, 2003). In the present case, defendant was well aware of the discovery deadline. Finally, in *Jackson v. Edwards*, the court found that sanctions were not warranted because, although defendant's responses were untimely, defendant did not violate any court orders or fail entirely to respond to plaintiff's discovery request. No. 99-CV-0982 (JSR) (HBP), 2000 WL 782947, at *5 (S.D.N.Y. June 16, 2000). I do not find that Judge Bloom erred in stating that sanctions will be imposed should defendant fail to respond to discovery requests by the new deadline of November 16, 2020, thereby violating a court order. Tr. 4, 8.

Defendant also argues that Judge Bloom relied on a procedurally improper reply letter filed by plaintiff. Def.'s Obj. 3–5. Pursuant to Judge Bloom's individual practices, reply letters are not permitted after a party files its response to a motion letter regarding discovery. Judge Bloom's Individual Practices 5(A). In this case, plaintiff wrote a letter requesting a conference or

motion practice, which Judge Bloom construed as a motion to compel discovery, and then filed a reply letter addressing defendant's response. *See* ECF Nos. 48, 50. However, because a court "has broad discretion to determine whether to overlook a party's failure to comply with" its individual rules, *Roman v. RGS Fin., Inc.*, No. 17-CV-4917 (ADS) (AKT), 2019 WL 4247551, at *3 (E.D.N.Y. Sept. 6, 2019), plaintiff's failure to comply with Individual Rule 5(A) does not render Judge Bloom's decision contrary to law or clearly erroneous. *See Sivio v. Vill. Care Max*, 436 F. Supp. 3d 778, 784 n.2 (S.D.N.Y. 2020).

## CONCLUSION

For the foregoing reasons, I find that Magistrate Judge Bloom's decision was not clearly erroneous or contrary to law. Therefore, I do not modify her order that defendant waived its objections to plaintiff's discovery demands.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: November 2, 2020
    Brooklyn, New York