

**FEITLIN, YOUNGMAN, KARAS & GERSON, LLC**
COUNSELLORS AT LAW
Heritage Plaza II
65 Harristown Road, Suite 207
Glen Rock, New Jersey 07452
(201) 791-4400
Fax (201) 791-5659

GARY R. FEITLIN *
JEFFREY R. YOUNGMAN
KATHY KARAS-PASCIUCCO**
FREDERICK E. GERSON
JONATHAN M. ETTMAN**

\* ALSO MEMBER OF FLORIDA BAR
\*\*ALSO MEMBER OF NEW YORK BAR

Email:  Jettman@fykglaw.com

December 28, 2020

**Via ECF**
The Honorable Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    **Re:**    **Express Freight Systems, Inc. v. YMB Enterprises, Inc., et al.**
             **Case No. 20-cv-00186 (ARR) (LB)**

Dear Judge Bloom:

    As you know, we represent plaintiff Express Freight Systems, Inc. ("Plaintiff") in the above action. Given Your Honor's prior instruction to advise the Court of any discovery disputes, I am writing to request a conference call to address defendant's counsel's attempts at preventing defendant YMB Enterprises Inc.'s ("YMB's") representative's deposition scheduled for tomorrow, December 29, 2020 at 10:00 a.m. As can be seen in the email exchange with defendant's counsel attached hereto, defendant's counsel suggests that the deposition cannot take place because (a) defendant's representative only has access to a cell phone and cannot view documents shared on Zoom, which is simply not believable given that defendant surely has computers from which it operates its business, (b) I have not first supplied counsel with documents on which I may question defendant, which is not a requirement whether the deposition is in person or via Zoom, and (c) the notice to take deposition does not sufficiently state with reasonable particularity the matters for examination, despite the fact that this witness was identified by defendant in its answers to interrogatories as the only company representative with knowledge of the facts of this case and the notice to take deposition seeks to question the witness about the subject matter of this straight forward breach of contract case.

    As we do not wish to become entangled in defendant's counsel's shenanigans, we would respectfully request a conference call with the Court as soon as possible so that we can proceed with taking this deposition without further delay.

FYKG, LLC

December 28, 2020
Page 2 of 2

           Respectfully submitted,

           FEITLIN, YOUNGMAN, KARAS &
            GERSON, L.L.C.
           <u>/S/ Jonathan Ettman</u>
           Jonathan M. Ettman, Esq.

cc: Levi Huebner, Esq. (via email)
   Express Freight Systems, Inc. (via email)

**Jonathan M. Ettman, Esq.**

**From:** Jonathan M. Ettman, Esq.
**Sent:** Monday, December 28, 2020 2:37 PM
**To:** Levi Huebner Esq
**Subject:** RE: 12/29/2020; Express Freight Systems, Inc. v YMB Enterprises, Inc., et al.; Assignment No. 4374837; Status: Scheduled

Levi:
I did not hang up on you, you did on me. Nor did I hurl a single adjective. Do not try and twist this.

To reiterate what I said to you in my email and on the phone, I am not required to produce documents ahead of the deposition whether the deposition is in person or via Zoom. I also do not believe for a second that your client does not have access to a computer to participate in Zoom and allow him to review documents shared on the screen. He is a company representative; he can use a company computer. I am certain that YMB has computers. I view your email as just another attempt by you to delay this matter and harass my client.

Again, please confirm that you will be producing your client tomorrow and that your client will be prepared to answer questions concerning the subject matter of this litigation and will be able to view documents shared on Zoom. If I do not a receive a simple "yes" from you by 3:00 today, I will presume you are not producing your client and I will seek appropriate relief.


Jonathan M. Ettman, Esq.
Feitlin, Youngman, Karas & Gerson, LLC
Heritage Plaza II
65 Harristown Road, Suite 207
Glen Rock, NJ  07452
Telephone: 201-791-4400
Facsimile: 201-791-5659
Email: jettman@fykglaw.com

This email (including any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments hereto, is strictly prohibited. If you have received this email in error, please immediately notify Feitlin, Youngman, Karas & Gerson, LLC at (201) 791-4400 and permanently delete the original and any copy of this email (including any attachments) and destroy any printout(s) thereof. Please advise immediately if you or your employer do not consent to Internet email for messages of this kind. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Feitlin, Youngman, Karas & Gerson, LLC for any loss or damage arising in any way from its intended use.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

---

**From:** Levi Huebner Esq <newyorklawyer@msn.com>
**Sent:** Monday, December 28, 2020 2:25 PM
**To:** Jonathan M. Ettman, Esq. <jettman@fykglaw.com>

1

**Subject:** 12/29/2020; Express Freight Systems, Inc. v YMB Enterprises, Inc., et al.; Assignment No. 4374837; Status: Scheduled

Dear Mr. Ettman:

Thank you for the brief call before you decided to hang up and dictate that you are calling the Court. I am happy to have a discussion. However, it is inappropriate for you to hurdle adjectives.

I attempted in Good Faith to resolve an issue, however, you decided to avoid resolution and cut the call short.

You chose to take a virtual deposition rather than an in person deposition. That does not give Plaintiff free reign to hurdle obstacles to a productive deposition. Regardless, of timing of production, of Exhibits, you have failed to furnish a suitable means of furnishing exhibits of which both counsel and client may view same.

Your semantic distinction of "notice" and "subpoena" does not change the rule that pursuant to FRCP 30 (B) (6) "Before or promptly after the **notice** or **subpoena** is served, the serving party and the organization must confer in good faith about the matters for examination.

Without exhibits, or means to view same, and without having "described with reasonable particularity the matters for examination"  the issue is only compounded.

Thank you for your consideration in this matter. Please feel free to contact the undersigned with any questions.

Very truly yours,
Levi Huebner

Levi Huebner & Associates, PC
*Attorneys and Counselors at Law*

488 Empire Boulevard, Suite 100
Brooklyn, NY 11225
Tel:  (212) 354-5555
Fax: (718) 636-4444

EMAIL: NEWYORKLAWYER@MSN.COM

NOTICE: Unless specifically set forth herein, the transmission of this communication is not intended to be a legally binding electronic signature, and no offer, commitment or assent on behalf of the sender or its client is expressed or implied by the sending of this email, or any attachments hereto. NOTICE OF ATTORNEY'S CONFIDENTIALITY: The material submitted herewith contains, and is intended to be a confidential transmission of information or documents from Levi Huebner & Associates, PC  which is legally privileged. The materials or information enclosed are intended only for the use of the individual or entity named in this transmission. If you are not the intended recipient, any disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately, so that we can arrange for the return of the original documents to us at our cost.

**From:** Jonathan M. Ettman, Esq. <jettman@fykglaw.com>
**Sent:** Monday, December 28, 2020 2:08 PM

**To:** Levi Huebner Esq <newyorklawyer@msn.com>
**Subject:** RE: 12/29/2020; Express Freight Systems, Inc. v YMB Enterprises, Inc., et al.; Assignment No. 4374837; Status: Scheduled

Levi:
See my responses below in red.


Jonathan M. Ettman, Esq.
Feitlin, Youngman, Karas & Gerson, LLC
Heritage Plaza II
65 Harristown Road, Suite 207
Glen Rock, NJ 07452
Telephone: 201-791-4400
Facsimile: 201-791-5659
Email: jettman@fykglaw.com

This email (including any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments hereto, is strictly prohibited. If you have received this email in error, please immediately notify Feitlin, Youngman, Karas & Gerson, LLC at (201) 791-4400 and permanently delete the original and any copy of this email (including any attachments) and destroy any printout(s) thereof. Please advise immediately if you or your employer do not consent to Internet email for messages of this kind. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Feitlin, Youngman, Karas & Gerson, LLC for any loss or damage arising in any way from its intended use.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

---

**From:** Levi Huebner Esq <newyorklawyer@msn.com>
**Sent:** Monday, December 28, 2020 1:58 PM
**To:** Jonathan M. Ettman, Esq. <jettman@fykglaw.com>
**Subject:** 12/29/2020; Express Freight Systems, Inc. v YMB Enterprises, Inc., et al.; Assignment No. 4374837; Status: Scheduled

Dear Mr. Ettman:

    Please be advised that Plaintiff has not furnished Marked Exhibits which Plaintiff intends to use during the deposition scheduled for tomorrow. Regarding tomorrow's scheduled deposition, my client only has a cell phone which is not suitable for document review. I am not required to produced documents prior to the deposition. This is no different than if we held the deposition in person. I do not accept that your client who works for a carrier only has a cell phone to view Zoom. If you have a rule or law that requires pre-deposition production of potential exhibits then by please advise of same.

    Pursuant to FRCP 30 (B) (6) the subpoena "must describe with reasonable particularity the matters for examination." Unfortunately, the Subpoena does not indicate with any particularity the matter which Plaintiff seeks to examine my client. I did not serve a subpoena, but rather a notice to a party, and the subject matter is stated. Any claim otherwise is disingenuous and nothing but a tactic to delay and harass my client.

3

      Moreover, I contacted Veritext and they informed me that they have not been furnished with any exhibits. I am not required to produce the exhibits prior to the deposition.

      Thus, at this juncture, unless Plaintiff intends on proceeding without exhibits, the deposition does not seem feasible. Furthermore, it does not seem practicable for my client to proceeded without having been "described with reasonable particularity the matters for examination." If you are not intending on producing your client tomorrow, please indicate now so I can seek appropriate relief.

      Thank you for your consideration in this matter. Please feel free to contact the undersigned with any questions.


Very truly yours,
Levi Huebner

Levi Huebner & Associates, PC
***Attorneys and Counselors at Law***

488 Empire Boulevard, Suite 100
Brooklyn, NY 11225
Tel: (212) 354-5555
Fax: (718) 636-4444

EMAIL: NEWYORKLAWYER@MSN.COM

NOTICE: Unless specifically set forth herein, the transmission of this communication is not intended to be a legally binding electronic signature, and no offer, commitment or assent on behalf of the sender or its client is expressed or implied by the sending of this email, or any attachments hereto. NOTICE OF ATTORNEY'S CONFIDENTIALITY: The material submitted herewith contains, and is intended to be a confidential transmission of information or documents from Levi Huebner & Associates, PC which is legally privileged. The materials or information enclosed are intended only for the use of the individual or entity named in this transmission. If you are not the intended recipient, any disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately, so that we can arrange for the return of the original documents to us at our cost.

---

**From:** Jonathan M. Ettman, Esq. <jettman@fykglaw.com>
**Sent:** Monday, December 28, 2020 10:30 AM
**To:** Levi Huebner Esq <newyorklawyer@msn.com>
**Subject:** FW: 12/29/2020; Express Freight Systems, Inc. v YMB Enterprises, Inc., et al.; Assignment No. 4374837; Status: Scheduled

Levi:
See the email below for the zoom link for tomorrow.


Jonathan M. Ettman, Esq.
Feitlin, Youngman, Karas & Gerson, LLC
Heritage Plaza II
65 Harristown Road, Suite 207

4