# Levi Huebner & Associates, PC
## Attorneys and Counselors at Law

---

488 Empire Boulevard, Suite 100
Brooklyn, NY 11225
Tel: (212) 354-5555
Fax: (718) 636-4444

email: NEWYORKLAWYER@MSN.COM

December 28, 2020

Honorable Magistrate Judge Lois Bloom
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**    <u>**Express Freight Systems, Inc. v. YMB., Case No. 20-cv-00186 (ARR)(LB)**</u>

Honorable Magistrate Judge Bloom:

      I represent the Defendant in this matter.

      Defendant is able to attend the deposition scheduled for tomorrow, December 29, 2020. Defendant reached out to Plaintiff in an attempt to avoid practical hurdles. Which is the ability to examine a document at a deposition and the matters to be examined.

      In addition to the witnesses technical limitations, Zoom does not allow the viewing party to scroll through a document when shared on a screen. If Defendant will be asked about a document, Defendant's witness must be able to view the document in its entirety, before being marked into evidence. Otherwise, the witness cannot confirm the authenticity of such document for admission into evidence. During a deposition, Counsel cannot be tasked with repeated interruptions of attempting to print document(s) that should have been provided in advance.

      Further, pursuant to FRCP 30 (B) (6) the examining party must apprise defendant and "describe with reasonable particularity the matters for examination." Given that Plaintiff failed to identify the topics it wishes to examine with particularity, Defendant reached out to Plaintiff in order to facilitate a discussion and obviate any disruptions.

      In light of Plaintiff's refusal to confer and resolve the foregoing, it respectfully requested, that Plaintiff's deposition be squarely limited to the four corners of the complaint, and if Plaintiff will seek to have Defendant's witness testify about documents, Defendant must have an ability to print a paper copy prior to the deposition, so Defendant could review the marked document with its appropriate exhibit entry.

      Notably, before filing its letter [ECF 58], Plaintiff failed to attach the email from the undersigned again attempting to resolve the issues, and confirming availability for tomorrow. A true copy of the email is attached hereto as **Exhibit A**.

      Moreover, Plaintiff continues its refusal to have a substantive good faith discussion to resolve the foregoing.

                                              Respectfully submitted,

                                              / s / Levi Huebner

                                              _____

                                            Levi Huebner

                                            *Attorneys for Defendant*