

**FEITLIN, YOUNGMAN, KARAS & GERSON, LLC**
COUNSELLORS AT LAW
Heritage Plaza II
65 Harristown Road, Suite 207
Glen Rock, New Jersey 07452
(201) 791-4400
Fax (201) 791-5659

GARY R. FEITLIN *
JEFFREY R. YOUNGMAN
KATHY KARAS-PASCIUCCO**
FREDERICK E. GERSON
JONATHAN M. ETTMAN**

* ALSO MEMBER OF FLORIDA BAR
**ALSO MEMBER OF NEW YORK BAR

Email: Jettman@fykglaw.com

June 18, 2021

**Via ECF**
The Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Express Freight Systems, Inc. v. YMB Enterprises, Inc., et al.
Case No. 20-cv-00186 (ARR) (LB)**

Dear Judge Ross:

As Your Honor is aware, we represent plaintiff Express Freight Systems, Inc. ("Express" or "Plaintiff") in the above action. Please accept this letter brief, in lieu of a more formal brief, in support of Plaintiff's Motion for Partial Summary Judgment under FRCP 56.

**Statement of Facts**

Plaintiff relies upon Plaintiff's Local Civil Rule 56.1(a) Statement of Undisputed Material Facts and the Certifications of Rodney Weltman and the undersigned, all of which are submitted herewith, and incorporated herein by reference and made a part hereof.

**Legal Argument**

I. **SUMMARY JUDGMENT STANDARD**

Summary judgment is proper when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a); see Kwong v. Bloomberg, 723 F.3d 160, 164-65 (2d Cir. 2013); Redd v. N.Y. Div. of Parole, 678 F.3d 166, 174 (2d Cir. 2012). The role of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ., 444 F.3d 158, 162 (2d Cir. 2006) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

Once a party moves for summary judgment, in order to avoid the granting of the motion, the non-movant must come forward with specific facts showing that a genuine issue for trial exists. Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir.1990) (quoting Fed.R.Civ.P. 56(e)); see National Union Fire Ins. Co. v. Turtur, 892 F.2d 199, 203 (2d Cir.1989). The "mere existence of a scintilla of evidence" is not enough to defeat summary judgment; "there must be evidence on which the jury could reasonably find for the (non-moving party)." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotations omitted); Anderson v. Liberty Lobby, Inc., supra. at 252. A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., supra. at 248; see Converse v. General Motors Corp., 893 F.2d 513, 514 (2d Cir.1990). The court's function is to decide "whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000).

In the instant matter, Plaintiff is entitled to summary judgment because the undisputed material facts demonstrate that Defendant breached the parties' Contract as a matter of law by communicating with and working directly for Plaintiff's customer, Furmano. Indeed, not only was Defendant precluded from soliciting Furmano, but it was also precluded from having any

direct contact with Furmano. Thus, no matter how Defendant tries to spin how it surreptitiously came to perform work directly for Furman while under contract with Plaintiff, Defendant never should have been engaging in discussions with Furmano about doing work directly with Furmano, and certainly should not have then actually engaged in such direct work, all while under contract with Plaintiff. Any logical and reasonable view of the undisputed material facts warrants a finding that the Contract precluded such conduct, and that Defendant breached the parties' Contract. A trial is not needed to reach this conclusion.

Accordingly, Plaintiff's motion for partial summary judgment should be granted.

## II. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AGAINST DEFENDANT BECAUSE DEFENDANT BREACHED THE PARTIES' CONTRACT

Plaintiff is entitled to summary judgment against Defendant in this action because Defendant unequivocally breached the parties' Contract as a matter of law. Under New York law, a breach of contract claim requires "(i) the existence of a contract; (ii) performance by the party seeking recovery; (iii) nonperformance by the other party; and (iv) damages attributable to the breach." Overseas Direct Imp. Co. v. Family Dollar Stores, Inc., 929 F. Supp. 2d 296, 312 (S.D.N.Y. 2013); Minuteman Press Int'l v. Matthews, 232 F. Supp.2d 11, 14 (E.D.N.Y. 2002).

Here, the existence of a contract cannot be questioned. The parties entered into the Contract on July 26, 2018. Nor can Plaintiff's performance be questioned given that Plaintiff assigned Defendant nine (9) separate jobs transporting freight under the Contract, and paid Defendant for such jobs.

Defendant, however, breached the Contract by engaging in an arrangement with Furmano to do work directly for Furmano. The Contract clearly precludes Defendant from having any

direct contact with Plaintiff's customers, or from soliciting them. In fact, Paragraph 11 of the Contract plainly states:

> **CARRIER agrees to support and protect BROKER'S efforts in performance of this agreement by refraining from ANY direct contact or solicitation of BROKER'S customers. During the term of this agreement and for a period of 2 years from the time of termination of this agreement, CARRIER shall not directly or indirectly solicit or do business of a transportation or warehouse nature with any of BROKER'S customers who are serviced by CARRIER as a result of this agreement unless otherwise agreed to in writing.**

Notwithstanding the restrictions imposed by this provision, Defendant went ahead and while still transporting freight from Furmano's facility on jobs arranged by Plaintiff solicited Chip Stuckey of Furmano to do work directly with Furmano. Although Mr. Stuckey had no issues with Plaintiff's work, he nevertheless agreed to give jobs to Defendant that he would have otherwise given to Plaintiff solely because Furmano was underpricing Plaintiff. Of course, the only way Defendant was able to underprice Plaintiff was to divulge Plaintiff's pricing, in violation of Paragraph 13 of the Contract. In the end, Defendant worked directly with Furmano on thirty-six (36) jobs from October 2018 through December 2018, earning $41,000.00 in revenue in total.

Defendant will likely offer a make-weight argument that it did not violate the Contract because it did not solicit Furmano, rather Furmano solicited Defendant, and may even claim that it was not prevented from working with Furmano because Furmano was Defendant's "customer" prior to Defendant entering into the Contract with Plaintiff. However, any such argument would be both factually and legally baseless.

First, Furmano was never Defendant's customer prior to Defendant entering into the Contract with Plaintiff. Furmano and Defendant did not contract with each other or pay each

other until Defendant began working directly with Furmano, after it had already entered into the Contract with Plaintiff on July 26, 2018. Any of the four (4) jobs Defendant had moving freight from Furmano prior to the Contract with Plaintiff were arranged through another broker, not directly between Defendant and Furmano. Thus, Furmano was not Defendant's customer prior to entering into the Contract.

Second, Paragraph 11 of the Contract explicitly states that Defendant is to refrain from "ANY direct contact or solicitation of [Plaintiff's] customers." ¶11 of Ex. B to Weltman Cert. As a result, even if Furmano solicited Defendant, as opposed to Defendant having solicited Furmano, which Chip Stuckey of Furmano denies, Defendant still violated the Contract by entertaining the solicitation, engaging in a discussion about doing work directly with Furmano and then actually engaging in such direct work. The fact of the matter is that Defendant should not have even entertained a conversation with Furmano while it was under contract with Plaintiff given that the Contract prohibited such direct contact.

It defies all logic and reason, as well as industry standard, that in the face of this contractual provision Defendant could simply solicit, or accept a solicitation, and begin working directly with Furmano while under contract with Plaintiff and being paid by Plaintiff for transporting freight on jobs arranged by Plaintiff, including jobs transporting freight from Furmano itself.

As a result of Defendant's utter disregard for the restrictions set forth in Paragraph 11 of the Contract, Defendant breached the Contract as a matter of law. Accordingly, Plaintiff is entitled to summary judgment on its breach of contract claim. Given that Plaintiff is entitled under Paragraph 11 of the Contract to twenty-five (25%) percent of the $41,000.00 revenue Defendant received from working with Furmano, as well as damages, judgment should be

entered in the amount $10,250.00, together with additional amounts to be established at a future plenary hearing or trial.

## **Conclusion**

Based on the foregoing, Plaintiff's motion for partial summary judgment should be granted in its entirety.

Respectfully submitted,

FEITLIN, YOUNGMAN, KARAS &
GERSON, L.L.C.

/S/ Jonathan Ettman
Jonathan M. Ettman, Esq.
